UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9224 CAS (JEMx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | MICHELLE NESBIT v. PROCARE NURSES, LLC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION

## I. INTRODUCTION

On September 2, 2010, plaintiff Michelle Nesbit filed the instant class action against her former employer, Procare Nurses, Inc., in the Los Angeles Superior Court. Plaintiff's complaint alleges numerous violations of the California Labor Code by the defendant, including failure to pay straight and overtime wages, failure to provide accurate wage statements, and failure to timely pay employees after termination. Based on these violations, plaintiff pleads that the amount in controversy for each individual members of the class is less than $75,000 and that the aggregate amount in controversy is less than $5,000,000. Defendant filed a notice of removal on December 1, 2010, asserting that this Court has jurisdiction under Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). In particular, defendant alleges that the amount in controversy is at least $8,013,600, based on the penalty amount provided under California Labor Code § 203 for the alleged violations.

## II. DISCUSSION

A class action filed under CAFA requires that the amount in controversy of the plaintiffs' aggregated claims "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; the aggregate number of proposed plaintiffs be 100 or greater; and any member of the plaintiff class be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). A removing defendant bears the burden of proving that the plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9224 CAS (JEMx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | MICHELLE NESBIT v. PROCARE NURSES, LLC. | | |

suit meets the requirements of 28 U.S.C. § 1332(d). Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007). When a plaintiff does not plead a specific amount, the removing defendant must establish that the amount in controversy requirement has been met by a preponderance of the evidence. Id. However, when a plaintiff pleads a specific amount in damages by alleging that the damages are "less than five million dollars," and there is no evidence of bad faith, the removing defendant must prove to a legal certainty that the jurisdictional minimum is met. Id. at 999.

The "legal certainty" standard is a high but not insurmountable bar for the removing party. Id. at 1000. To meet this standard, defendant must provide support for the values and assumptions used to calculate the amount in controversy, such that the court is not left to speculate the basis of the claimed amount. See id. at 1002. For instance, with respect to identifying the class size in a wage and hour class action, merely stating the total number of terminated employees during the class period is insufficient; the defendant must estimate the number of employees who would qualify as class members and provide a basis for this estimation. See id. at 1001. Moreover, where penalty wages are involved, defendant cannot automatically assume that all class members would be entitled to the maximum penalty. See id. Where a statute provides that an employee is owed "*up* to 30 days" of penalty wages, the defendant must articulate a basis for assuming the number of days of penalty wages the class members are entitled. See id. (emphasis in original).

Because plaintiff asserts that the amount in controversy is less than $5,000,000 in her complaint, defendant must prove to a legal certainty that the jurisdictional minimum is met. Defendant's calculation falls short of the standard for several reasons. First, in calculating the average daily rate of pay at the time of termination, defendant does not provide a basis for assuming four hours of overtime for each class member. Second, in identifying the class size, defendant does not estimate the number of qualifying class members, which is the number of hourly, non-exempt registered nurses compensated under defendant's "Travel Contract" or "Registry" pay plans who were terminated during the class period. Instead, defendant merely provides the total number of registered nurses who were terminated during the relevant class period. Third, in calculating the penalty wages under California Labor Code § 203, which provides penalty wages for up to thirty days, defendant assumes, and does not provide a basis for such assumption, that each class member would be entitled to the maximum penalty. Finally, in the event that penalty under § 203 alone is insufficient to meet the jurisdictional minimum, defendant does not provide a basis from which to estimate the amount of other relief.

Without further clarification, the Court cannot determine whether the amount in controversy requirement has been met. Accordingly, defendant is hereby ORDERED to SHOW CAUSE on or before February 28, 2011, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9224 CAS (JEMx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | MICHELLE NESBIT v. PROCARE NURSES, LLC. | | |

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |